## HOBSON v. SILVA et al.

### S. F. No. 2575; October 31, 1902.

#### 70 Pac. 619.

**Lease—Construction—Surrender.—A Contract of Lease and an Amendment** thereof provided for the payment of rental as follows: A rental of $30 per month; $4,000 to a bank (the amount being secured by mortgage on the premises), together with $26.65 per month as interest thereon; also $900, which is "now a lien on the premises," as follows: $200 in one year, $200 in two and one-half years, and $350 "at the expiration of the lease," or whenever the lessee purchases the premises, under an option. The lease was to run for twenty years, unless sooner terminated. Thereafter the lessee surrendered possession, a part of the monthly rental and interest, and also the first installment of the $900, having accrued. Held, that the lessee could not object to a construction of the lease which merely made her liable for the sums mentioned, and released her from liability for the $4,000 and the two installments of the $900 which had not matured, etc.

**Lease—Gas and Water Bills.—A Lessee Who Makes a Lease,** knowing that other tenants are in possession, who are to attorn to her, cannot recover from the landlord for gas and water bills overdue when she takes possession, where it does not appear that they are not the personal bills of the other tenants.

**Lease.—A Lease Provided That the Lessee's Liability** should not commence until a certain suit is "finally adjudicated and determined in favor of G." It was admitted that the suit was adjudicated in favor of G. by a judgment rendered on September 3d, as alleged in the complaint. After said date an amended lease was made, making no mention of the lawsuit. Defendant from the very first paid rent, regardless of the provision. Held, that, even if the allegation of the complaint was not as broad as the language used in the lease, it might be assumed that the provision was regarded as fully complied with.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by H. F. Hobson against Louisa Silva and husband. Judgment for plaintiff and defendants appeal. Affirmed.

Edward A. Holman for appellants; Oscar G. Heaton and F. W. Sawyer for respondent.

CHIPMAN, C.—This action is brought to recover certain money claimed to be due under a contract of lease and an

amendment thereof. The contracts stipulate for the payment of sundry sums, which were to be treated as rental. The lease was to run for twenty years, unless sooner terminated, and defendants had the right to purchase the leased premises on certain conditions. Among the payments agreed to be paid by defendants was a rental of $30 per month; also $4,000 to the Oakland Savings Bank, secured by mortgage on the premises, together with $26.65 per month as interest thereon; also the sum of $900, which is "now a lien on said premises," as follows: $200 in one year, $200 in two and one-half years and $350 "at the expiration of the lease, or whenever she [Louisa] purchases said premises." The original document was made on April 13, 1897, but defendants did not go into personal possession until December 15, 1897, on which day the amendment to the lease was executed. The lessees did not exercise the option to purchase, but surrendered possession on January 11, 1899. At this time they had paid interest to the bank from the date of the lease, up to October 19, 1898, but no more. They paid no part of the $4,000 and no part of the $900, and there was then due the monthly rental for seven months next preceding January 11, 1899. The court found of these amounts, as due plaintiff, seven months' rental, $210; the first installment of the $900 payment, $200; and interest due the bank, for which plaintiff was liable to it, being two months and some nineteen or twenty days, $70.29; or, in all, $480.29. The court did not allow any part of the principal sum of $4,000, nor any of the installments of the $900 payment not yet due. It is not easy to understand the meaning of the original contract. It reads like the handiwork of a not very skillful layman. The amendment is almost complete in itself, and is prepared with some sort of comprehension of what the parties were aiming at; and, read in connection with the original contract, it is possible to arrive at the intention of the parties with reasonable certainty. So far as we can discover, the court gave the agreements a construction as fair to defendants as they could ask.

1. Appellants' principal contention is that under the terms of the agreements they were discharged from all liability on surrender of possession, as well for liabilities accrued as to accrue. They surrendered the possession voluntarily at a time when they were in default. They commenced paying

interest to the bank the day after the execution of the original lease, to wit, April 14, 1897. They paid rental also, although not in possession, until in December; and this was because they were collecting rents from tenants in occupation during that time. Appellants ask that all these items be eliminated from the account, and that their liability shall begin from the date they themselves took possession. This we do not think should be allowed. We can find nothing in the contracts warranting the claim that the surrender of possession released the lessees from obligations already incurred. The court seems to have acquitted them of the liabilities yet to accrue, but not yet discharged, and this was as favorable to appellants as they could reasonably claim.

2. Defendants offered to prove by Frank Silva, one of defendants, that when they took possession there were overdue gas and water bills, and that plaintiff refused to pay the same; this in support of a counterclaim pleaded in the answer. The testimony was excluded on objection as irrelevant and immaterial. Defendants claim that this was error. It appeared from Silva's testimony that he knew there were tenants in possession when the lease was made, who, by an agreement between plaintiff and defendants, were to attorn to defendants. It was not shown that these bills were chargeable to plaintiff, nor when they accrued. So far as anything to the contrary appears, they were or might have been the bills of the tenants from whom defendants were collecting rents, and for which plaintiff was in no way liable, and which he might well have refused to pay. Defendants took the lease with such possession as could then be given, and they apparently accepted the situation, and went into full possession later on without objection, in the meantime having paid rent to plaintiff, and interest to the bank, as though satisfied. The court did not err in excluding the testimony.

3. It is urged that the demurrer to the complaint should have been sustained. So far as we can discover from defendants' brief, the reason for this claim is based in part on the assumption that, by the terms of the lease set out in the complaint, the defendants were released from all past liability on surrender of the premises. We have already seen that this is a mistaken view of the agreements.

3

4. It is also claimed that by the terms of the lease there was no liability of defendants until a certain lawsuit, entitled "Gooby v. Graf," "is finally adjudicated and determined in favor of John Gooby." It was admitted that said lawsuit was "adjudicated and determined in favor of John Gooby by a judgment in said superior court duly given and made" on September 3, 1897, as alleged in the complaint. Even if it be conceded that the allegation is not as comprehensive as the language used in the lease, it is not true that defendants were to incur no liability whatever unless this lawsuit was "finally" adjudicated. The amended lease makes no mention of this lawsuit, and as it was entered into after the lawsuit was in fact determined, and as defendants had from the beginning paid, regardless of this provision, it is altogether probable that the provision was regarded as fully complied with. At any rate, we do not think the general demurrer to the entire complaint should be sustained, if it be conceded that, as to some of the payments to be made, they were not payable until after this event had happened.

We discover no error in the record, and therefore advise that the judgment and order be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.